# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7755 | **DATE** | 11/1/2002 |
| **CASE TITLE** | Matten vs. SMA Life | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies plaintiff's motion for summary judgment (21-1). The case remains set for trial on 1/6/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 0 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 37 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | NOV 0 4 2002 date mailed notice | |
| OR | courtroom deputy's initials | 02 NOV -2 PM 6:05 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BYRON MATTEN,                    )
                                 )
       Plaintiff,      )
                                 )
vs.                              )   Case No. 01 C 7755
                                 )
SMA LIFE ASSURANCE CO.,          )
                                 )
       Defendant.      )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Byron Matten has sued defendant SMA Life Assurance Co. (now called Allmerica Financial Corp.) to recover on two disability insurance policies. Matten is a 48 year old licensed attorney who had a trial-oriented practice as the principal of a two-lawyer law firm. He was involved in a serious automobile accident in September 2000 which resulted in a head injury and loss of consciousness. Matten did not work for an extended period; in January 2001, he made claims on both policies – a disability income policy and a business overhead expense policy. Benefits were initially approved and were paid through early April 2001, when benefits were terminated for reasons that are unclear from the record. Matten was referred by SMA in July 2001 for a neuropsychological evaluation by Dr. Jerry Sweet, who concluded that Matten "would be impaired in performing some of the important duties of a litigating attorney" but could still do some of the work of an attorney, such as drafting legal documents.

Matten worked only sporadically until February 2002, when he closed his law practice; he turned over all pending matters to his associate or referred them to other attorneys. He filed this

lawsuit in October 2001, asserting a claim for breach of contract (Count 1) and a claim for vexatious and unreasonable refusal to pay pursuant to 215 ILCS 5/155 (Count 2). Matten has moved for summary judgment on both claims. The motion is denied due to the existence of a genuine factual dispute on the issue of Matten's disability; the Court issues this brief opinion to resolve certain contested legal issues.

### Discussion

Both of Matten's insurance policies were "own occupation" disability policies, meaning that they entitled him to benefits if he was "unable to engage in [his] regular occupation" in the case of the disability income policy, and if he was "unable to perform the substantial and material duties of [his] regular occupation" in the case of the overhead expense policy. Pltf. Ex. A, "Regular Occupation Rider"; Pltf. Ex. B, p. 5 ("Definitions"). The term "regular occupation" was defined in the disability income policy as "your occupation when disability begins," Pltf. Ex. A, p. 5 ("Definitions"), and in the overhead expense policy as "the occupation in which you are engaged when you become disabled." Pltf. Ex. B, p. 5 ("Definitions").

The primary dispute concerns whether Matten's occupation was that of an "attorney" or that of a "trial attorney." When Matten first applied for the disability income policy, he listed his occupation as "trial attorney." SMA rejected that description and asked Matten to amend the application to describe as occupation as "attorney at law." Matten did so. When he applied for the overhead expense policy, Matten listed his occupation as "attorney at law (litigation)."

But under Illinois law, which the parties agree governs this case, determination of whether Matten was disabled turns on whether he was able to perform the occupation he was engaged in at the time the alleged disability commenced – irrespective of the particular

2

occupation that was stated in the policy. *Winter v. Minnesota Mutual,* 199 F.3d 399, 409 (7th Cir. 1999). In this regard the language of the insurance policies is clear; the focus is on Matten's occupation at the time of his disabling injury, not on what the insurance application said. SMA cites nothing in the policy, and no legal authority, that limits Matten's "regular occupation" to the particular occupation listed on his insurance application. SMA certainly could have written the policy to limit the insured's occupation to the description in his application, but it did not do so. And in any event, it is undisputed that in his applications for both policies, Matten made it clear that he had a trial-oriented practice: his application for the disability income policy described his duties as "prepar[ing] and try[ing] cases," and his application for the business overhead policy identified him as an "attorney-at-law (litigation)."

For these reasons, in evaluating whether Matten was disabled, we must look to his job responsibilities at the time of his auto accident. It is undisputed that Matten's duties involved, among other things, trying cases in court and taking and defending depositions. If the injury rendered Matten unable to perform these duties, then he was disabled within the meaning of the insurance policies. *See Stender v. Provident Life & Accident Insurance Co.,* No. 98 C 1056, 2000 WL 875919, at *5 (N.D. Ill. June 29, 2000) (focus is on whether the insured can still perform the duties that he actually performed before his injury). *See also McFarland v. General American Life Insurance Co.,* 149 F.3d 583, 588 (7th Cir. 1998); *Lasser v. Reliance Standard Life Insurance Co.,* 146 F. Supp. 2d 619, 638 (D.N.J. 2001) (orthopedic surgeon who could no longer perform surgery was disabled even though he could still perform the duties of an office-practice physician); *Rahman v. Paul Revere Life Insurance Co.,* 684 F. Supp. 192, 195 (N.D. Ill. 1988) (physician specializing in emergency cardiology was disabled even though he could still

work in general cardiology).

Matten has offered evidence, largely uncontradicted, that after his injury he was no longer able to function in the fast-paced atmosphere of a courtroom. Though SMA is certainly correct when it notes that most of the work of a trial attorney is spent outside the courtroom, it is uncontradicted that trying cases in court was an integral aspect of Matten's pre-injury duties. If Matten could no longer try cases, he could no longer perform "the occupation in which [he was] engaged when he became disabled," and thus under the insurance policies he was totally disabled, even if he was able to work as an attorney in some other capacity.

Matten argues that SMA has failed to raise a genuine factual dispute regarding whether he is disabled. SMA points out that the issue of whether a person is disabled within the meaning of an insurance policy involves questions of fact, but as with any such issue, if the facts are not genuinely disputed summary judgment is appropriate. *Methodist Medical Center of Illinois v. American Medical Security Inc.,* 38 F.3d 316, 320 (7th Cir. 1994); *Northern Assurance Co. v. Summers,* 17 F.3d 956, 964 (7th Cir. 1994) (even if issue presents a question of fact, summary judgment is appropriate if evidence is such that no reasonable difference of opinion could exist). *See also Evanston Insurance Co. v. Stonewall Surplus Lines Insurance Co.,* 111 F.3d 852, 860 (11th Cir. 1997).

Though the question is a close one, the Court concludes that there is a genuine factual dispute that precludes entry of summary judgment in Matten's favor. Among other things, the opinions of the physicians who said that Matten was unable to perform his duties were based largely on subjective factors communicated by Matten himself and on tests which had a significant subjective component. SMA has cobbled together an argument that Matten had a

4

motive, beyond that inherent in any case involving a claim for money damages, to appear more impaired than he actually was. Though the argument is of dubious merit, the Court cannot rule out the possibility that a jury might find that Matten was shading things and was not truly unable to perform his job duties. SMA also cites a written opinion of another physician who concluded that Matten was not disabled; though it is questionable whether this opinion will be offered in evidence at trial, for present purposes it suffices to create an issue of fact. Finally, there is a genuine issue regarding the permanency of Matten's condition, and thus even were the Court to conclude that he is disabled now, he would not necessarily be entitled to recover benefits through age 65 (the date on which the policies provide that benefits are to cease).

## Conclusion

For the foregoing reasons, the Court denies plaintiff's motion for summary judgment [docket item 21-1]. The case remains set for trial on January 6, 2003.

MATTHEW F. KENNELLY
United States District Judge

Date: November 1, 2002